## Herrington *v.* Hill, Appellant.

*Negligence—Automobiles—Operation of car by owner's son—Dealer's license—Burden of proof—Evidence—Case for jury.*

In an action to recover damages for personal injuries against the owner of an automobile, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence for

plaintiff shows that at the time of the accident the car was negligently operated by the fifteen year old son of the defendant who had given the boy permission to take out a party of friends, that the owner was a dealer and agent for the sale of cars of the same kind as the car which caused the accident, that he had a dealer's license which restricted the running of the car by licensed drivers only and for the purpose of demonstration or removal of the cars for sale, that the son had no license, and was not qualified by reason of his youth to secure one, and that the plaintiff in no way contributed to the accident.

Argued November 17, 1914.   Appeal, No. 228, October T., 1913, by defendant, from judgment of C. P. Bradford Co., December T., 1911, No. 39, on verdict for plaintiff in case of Coryl Herrington v. George R. Hill.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAXWELL, P. J.

The facts of the case are stated in the opinion of the Superior Court.

When John A. Hill was on the stand he was asked this question:

Q. John, you are the son of the defendant, George R. Hill?   A. Yes, sir.

Q. What is your age?   A. I will be 17 this month.

Q. In the month of August, 1911, John, did you have a driver's license, or any sort of a license from the highway department in the State of Pennsylvania, authorizing you to operate a motor vehicle?

Mr. Mercur, counsel for defendant: Objected to, as irrelevant, immaterial and incompetent to the issue in this case.

The Court: The objection overruled, and the evidence admitted.   An exception is noted for defendant, and a bill sealed.   (3)

Witness: A. No, sir.

John A. Hill, under direct examination, called by

plaintiff, testified that he was driving his father's automobile in the evening and had a collision with the wagon driven by Mr. Bull in which the plaintiff was riding.

On cross-examination the following offer and ruling occurred :

Q. Had you considerable experience in driving automobiles previous to the 22d of August, 1911?

Mr. Culvert, counsel for plaintiff: Objected to, as irrelevant and immaterial, and not cross-examination.

Mr. Mercur, counsel for defendant: I propose to show by the witness, he had run this same car a number of times before, but in the presence of his father, and also in his father's absence, and I propose to follow it by showing the night of the accident, his father gave him permission to take the car and take a short ride and take some companions and friends. I propose to show he was not about his father's business at that time—and as to who his companions were.

Mr. Culvert, counsel for plaintiff: That will be competent when it comes to the defense.

The Court: I think this is not cross-examination, and will sustain the objection. An exception is noted for plaintiff and a bill sealed. (4)

Verdict and judgment for plaintiff for $1,500. Defendant appealed.


*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of motion to enter judgment for defendant n. o. v.; (3, 4) rulings on evidence quoting the bill of exceptions.


*J. Roy Lilley,* with him *William P. Wilson* and *Mial E. Lilley,* for appellant.—The law of Pennsylvania as to the responsibility of a father for the negligence of his son under circumstances similar to those of the case at bar, was settled by the case of Bard & Wenrich v. Yohn, 26 Pa. 482. See also Towanda Coal Co. v. Heeman, 86 Pa. 418; Lotz v. Hanlon, 217 Pa. 339; Curran v. Lorch,

202, (1915).]　Arguments—Opinion of the Court.

243 Pa. 247; Conestoga Traction Co. v. Haldy, 22 Dist.
R. 124; Yeager v. Winton Motor Carriage Co., 53 Pa.
Superior Ct. 202.

*Charles M. Culver,* with him *David E. Kaufman,* for
appellee.—The case was for the jury: Haring v. Connell,
244 Pa. 439; Parker v. Matheson Motor Car Co., 241
Pa. 461; Moon v. Matthews, 227 Pa. 488.

OPINION BY HEAD, J., July 21, 1915:

If at the conclusion of the trial there was any question
of fact to be submitted to the jury, no complaint can
justly be made of the manner of the submission and no
assignment of error makes any such complaint.　The
able counsel for appellant sought a binding direction in
his favor in the court below and thereafter urged upon
that court and this court the entry of a judgment for
the defendant notwithstanding the verdict.　If it can be
shown that the learned trial judge could not have given
such binding direction without committing error, then
there is but little in this appeal that requires discussion.

There is practically no dispute as to the facts that the
plaintiff, while driving along the public highway, was
seriously injured by a collision with an automobile
owned by the defendant.　Further, that such injury
was not caused by any negligent act or omission of her
own but resulted entirely from the negligent manner
in which the automobile was being operated.　The de-
fendant, the owner of the car, was neither driving it
nor riding in it at the time of the collision, but it was
then being operated by his fifteen-year-old son.　His
contention in a word is, that the burden was upon the
plaintiff, under such circumstances, to affirmatively
prove that the car was then being operated either by
the direction of the owner or in the furtherance of his
business, and that the plaintiff's evidence failed in this
respect.　In the ordinary case, where the owner of a car
duly registered had hired or loaned it to another person,

he would not be responsible for the negligent act of the latter unless the plaintiff succeeded in discharging the burden of proof just referred to.

It appears, in the present case, that the defendant was not only the owner of the car in question but was the agent for the sale of cars of that kind and operated this car under what is known as a dealer's license. Such licenses are issued in proper cases at a rate very much less than that paid by the owner of a car who desires to devote it to general use. The statute provides that such limited licenses shall be granted only upon the written application of the person desiring it setting forth the necessary facts, and such application must be verified by the oath or affirmation of the applicant. The statute further provides: "Such cars shall be operated by licensed drivers only. A dealer's tag, issued under the provisions of this section, shall not be used for any other purpose than testing or demonstrating the vehicle to a prospective purchaser, or in removing the same from place to place for the purpose of sale:" Section 7 of the Act of April 21, 1911.

We are not required to undertake to show, from the application of sound principles of reasoning, that under such circumstances and in the absence of proof to the contrary, a jury would be warranted in drawing the inference that a car operated under such a license was presumptively being operated within the lawful limits of the license. That question has recently been disposed of by the Supreme Court. In Haring v. Connell, 244 Pa. 439, Mr. Justice Brown, in delivering the opinion of the court, said: "The only evidence which appellant offered to show that appellees were operating the automobile was the number of the license tag upon it. This tag represented a license which had been issued to them." After pointing out that the license indicated by the tag was a special limited license known as a "dealer's license"; the statutory provisions declaring how such a license may be obtained; the prohibition

of the use of a car operated under such license except for certain designated purposes, the opinion continues: "One of these (dealer's tags) was on the car which ran into the appellant, and, as it was issued upon the express condition stated, the presumption is that the appellees had complied with the act of assembly and that the tag was on a car operated by them, or by some one for them, for the purpose of demonstrating it to a prospective purchaser or in taking it to some place for the purpose of sale. The tag was, therefore, prima facie evidence that, at the time of the collision, the appellees, or some one acting under their authority, were operating the car, and the burden was shifted to them of showing that it was not so operated."

When therefore the plaintiff in the present case had shown, by proof, the injury she had sustained and that such injury resulted from a collision with a car owned by the defendant which carried a dealer's license tag and that such collision resulted solely from the negligent operation of the car, she had made out a prima facie case against this defendant. If then there had been no countervailing evidence offered by the defendant to overcome the presumption, the plaintiff's case must have been submitted to the jury for their determination of the cause of the injury and the extent of the damages that would compensate it. The defendant of course did offer evidence for the purpose of overcoming such presumption, but it was all in parol, and the credibility of the witnesses, interested as they were, was necessarily a question for the consideration of the jury.

But the plaintiff had something more than the presumption already referred to upon which her claim might rest. The defendant himself testified as follows: "Q. Mr. Hill, explain what you meant by the word demonstrating? A. Well to demonstrate is to explain and show the operation of the automobile, ability to go fast or slow or climb hills, etc." At another place in his testimony we find the following: "Q. Mr. Hill, when you

furnished the automobile that evening or permitted your son John to take it, to take the young people with him, you furnished him and permitted him to take the automobile from the instincts of a father, did you not, for his pleasure? A. Yes, sir, I considered that the car all the time was a demonstration wherever it was seen. Q. You considered it that? A. All the time yes, the more it was on the street, the better it was for me." It is true in other portions of his testimony he declares the car was not being demonstrated at the time of the injury, and although he had permitted his son to take it to drive a party of his friends to a given place from which he was to return, the boy went outside the permission given and drove to another place, and it was whilst so driving the car the injury occurred. But it does not follow, under testimony of that kind, the jury was obliged to take one portion of the defendant's testimony rather than another. It clearly became a question for their determination whether or not, according to the defendant's conception of the situation, he did not consider he was lawfully using the car even when he permitted it to be taken by his son who was not a licensed driver at all, and who was not qualified to secure a driver's license under ordinary circumstances because of his extreme youth.

We are of opinion therefore that the learned trial judge could not have done otherwise than submit the case to the jury, and this he did, as we have already said, in a charge which gave to the defendant the benefit of every consideration that might relieve him from liability. The first and second assignments must therefore be overruled. The third and fourth assignments are founded upon objections to certain questions propounded to the son of the defendant who was actually driving the car. The only purpose of these questions was to elicit the facts as to the age of the boy at the time of the collision and that he had no license of any kind authorizing him to operate a car. We cannot per-

ceive how the introduction of this testimony violated any established rule of evidence or wrongfully prejudiced the case of the defendant. The assignments cannot therefore be sustained. On an examination of the whole record, we are satisfied the case was correctly tried in the court below and the judgment entered on the verdict must stand.

Judgment affirmed.