## Theil, Appellant, v. Wolfe.

*Negligence—Automobiles—Dealers' licenses — Prima facie evidence of ownership—Denial—Case for jury.*

Where a person is injured by being struck by an automobile bearing a dealer's license, the presumption arises that the car was being operated for the purpose for which the license was issued and the burden is upon the owner to show that it was not so operated.

Under such circumstances, it is reversible error to refuse to submit the case to a jury.

Argued April 11, 1921. Appeal, No. 131, April T., 1921, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1916, No. 175, directing a verdict for the defendant in the case of John Theil v. Richard B. Wolfe. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WHITTELSEY, J.

312, (1921).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the defendant and judgment was entered thereon. Plaintiff appealed.

*Error assigned*, among others, was the order of the court.

*Charles A. Mertens*, for appellant, cited: Haring v. McConnell, 244 Pa. 439; Tanner v. Hughes, 53 Pa. 291; Williams v. Ludwig Floral Co., 252 Pa. 140; Holzheimer v. Lit Brothers, 262 Pa. 150.

*S. Y. Rossiter*, for appellee, cited: Grier v. Pennsylvania Coal Co., 128 Pa. 79; Keller v. Over, 136 Pa. 1; Cohen v. Phila. R. T. Co., 228 Pa. 243; Bernstein v. P. R. R. Co., 252 Pa. 581; Gordon v. Director General, 268 Pa. 497; Lonzer v. Railroad Co., 196 Pa. 610; Berkowitz v. Palruba Mfg. Co., 68 Pa. 559; Patterson v. Railway Co., 210 Pa. 47.

OPINION BY TREXLER, J., July 14, 1921:

The testimony in this case shows that the defendant was the owner of an automobile which was being operated under a license issued by the State Highway Department and that the machine was registered in what is known as the Dealer's Class for the purpose of demonstrating, testing or selling. The presumption of law, therefore, was that the automobile was being used for such purposes, or as stated in Haring v. Connell, 244 Pa. 439, "The tag was, therefore, prima facie evidence that, at the time of the collision, the appellees, or someone acting under their authority, were operating the car, and the burden was shifted to them of showing that it was not so operated." See also Herrington v. Hill, 60 Pa. Superior Ct. 202.

The defendant produced testimony showing that the car in question was loaned by the defendant to a Mr.

Hill to go to the latter's farm to get some produce.  Defendant had no connection with the trip.  On his return to the City of Erie where the parties reside, the collision with plaintiff's team occurred.  The lower court took the position that as the uncontradicted evidence was that as the accident was caused while the machine was being driven by Hill, who was on an errand of his own, there could be no recovery and instructed the jury to find for the defendant.  In this we think the court committed error.  This court in Herrington v. Hill, supra, had occasion to say through HEAD, J., "When therefore the plaintiff in the present case had shown, by proof, the injury she had sustained and that such injury resulted from a collision with a car owned by the defendant which carried a dealer's license tag and that such collision resulted solely from the negligent operation of the car, she had made out a prima facie case against this defendant.  If then there had been no countervailing evidence offered by the defendant to overcome the presumption, the plaintiff's case must have been submitted to the jury for their determination of the cause of the injury and the extent of the damages that would compensate it.  The defendant of course did offer evidence for the purpose of overcoming such presumption, but it was all in parol, and the credibility of the witnesses, interested as they were, was necessarily a question for the consideration of the jury."  To the same purpose is the case of Williams v. Ludwig Floral Co., 252 Pa. 140; and that of Holzheimer v. Lit Brothers, 262 Pa. 150.  In the latter case where the inference of ownership arose by reason of the fact that the truck, which caused the injury, bore the name of the defendant company, the Supreme Court said, "This was presumptive evidence and as has frequently been ruled, was quite sufficient to carry the case to the jury.  As a presumption it was of course rebuttable, but this does not mean that it had any less probative force than it would have had had it rested on direct evidence. ......It was at no time a question between plaintiff's

312, (1921).]          Opinion of the Court.

witnesses and defendant's, but simply a question of the sufficiency of the testimony adduced by the defendant to overcome the presumption on which plaintiffs' whole case rested. No reason can be suggested why the general rule that commits the credibility of witnesses to the determination of the jury should not be applied in such case as it is where there is a conflict in the testimony." The cases of Dunmore v. Padden, 262 Pa. 436, and Beatty v. Firestone T. & R. Co., 263 Pa. 271, relied upon by the lower court have no application to the case before us. There are any number of cases which hold that it is incumbent upon the plaintiff in a case arising out of the negligent operation of an automobile, to prove that the defendant was the owner of the car, and the driver or servant was engaged in his business at the time the negligent act was done. These cases all refer to automobiles operated under a general license, and are clearly distinguishable from those where automobiles are operated under a special dealer's license which confines the use of the car solely to the owner's business for the purposes set forth in the license.

The assignments of error are sustained and the judgment is reversed with a venire facias de novo.