## Kull v. H. A. McCleman & Bro.

*Province of court and jury—Scintilla of evidence—New trial.*

1. Where there is more than a scintilla of evidence to support the verdict, a new trial will not be granted upon the ground that the verdict was against the weight of the evidence.

2. The evasive manner of a witness on the stand may afford ground for suspecting his candor and relieve the jury from the imputation of a capricious disbelief in his testimony.

Rule for new trial and motion for judgment *n. o. v.*   C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1756.

*Hugh Roberts,* for plaintiff; *Rodney T. Bonsall,* for defendants.

PER CURIAM, Dec. 13, 1922.—Plaintiff furnished teams for hauling and construction work at Hog Island. He testified that on Nov. 15, 1917, persons in the employ of the defendants unlawfully took possession of two wagons belonging to him, used them in defendants' business, failed to return one, and when he recovered possession of the other, it was badly damaged.

To prove the agency of the men who took the wagons, there was testimony that the housing of the harness on the horses hitched to the wagons when driven off had upon it the name of defendants' firm.

Henry A. McCleman, one of the defendants, testified that their business at Hog Island consisted of supplying horses, harness and wagons for the American International Shipbuilding Corporation, but that all drivers were employed by the shipbuilding company.

The evasive manner of McCleman when on the witness-stand afforded ground for suspecting his candor, and relieved the jury from an imputation of capricious disbelief in finding in favor of plaintiff.

The drivers alleged to have been employed by defendants were colored men.

The defendant McCleman testified that there was no one in the employ of defendants on the work except one man. Subsequently he admitted there were two foremen, and, on further cross-examination, confessed that, prior to Nov. 2nd, they might have had 50, 75 or 100 men, some of them colored, employed there, and that they had employees there in the following months of June or July. No explanation was offered why the employment should have been suspended between the dates mentioned. He also swore there was no name on the housing of the harness.

He was corroborated as to the character in which his firm was operating at Hog Island by the superintendent of construction, who testified that defendants furnished teams and that the drivers were employed by the American International Shipbuilding Corporation. This witness stated, on cross-examination, that defendants' drivers brought the horses and the horses pulled the wagons into Hog Island; that defendants and their employees came into Hog Island, but were not working there, and were not allowed inside the ground without showing buttons. He admitted, however, that the drivers of teams employed by plaintiff could get in, because, as he said, they had some kind of identification mark to get them through the gate.

If the jury were convinced that there were housings on the harness of the horses drawing the wagons taken from plaintiff, and that the name of defendants was on the harness, there was *prima facie* evidence that the teams were under the control of defendants' servants: Holzheimer *v.* Lit Bros., 262 Pa. 150; Theil *v.* Wolfe, 77 Pa. Superior Ct. 312. If, however, the jury had believed the testimony of McCleman, the defendant, who stated that there were no housings on the harness, and his testimony and that of the superin-

tendent of construction as to the horses belonging to defendants being driven by persons employed by the shipbuilding company, plaintiff would not be entitled to a verdict.

It was within the province of the jury to determine the credibility of the witnesses in view of the contradictions in the evidence. There was more than a scintilla to support the contention of plaintiff; and in finding a verdict in his favor, the jury did not display a capricious disbelief of the testimony presented by defendants.

In Ely v. Railway Co., 158 Pa. 233, 238, Mr. Justice Mitchell said in reference to that case: "This testimony was contradictory, and the net result of it by no means clear. On part of it he was plainly entitled to go to the jury, on the other part equally plainly he was not. Under these circumstances the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail."

In Heh v. Consolidated Gas Co., 201 Pa. 443-446-7, the court, quoting Spear v. The P., W. & B. R. R. Co., 119 Pa. 61, said: "A binding instruction is proper where the evidence is not conflicting and presents the facts on which the case depends clearly and distinctly, but if the evidence is contradictory or if it fails to present the facts fully, so that inferences are to be drawn, or the credibility of witnesses is to be settled, the evidence must go to the jury. The value or legal effect of facts not in controversy may be determined by the judge, but the facts themselves if in doubt must be found by the jury." It was further said, in commenting upon the duty of the court to set aside a verdict where the jury indulged a capricious belief, that the rule "does not apply where there is a conflict of testimony, unless that on one side amounts only to a scintilla."

Referring to the fact that in that case the evidence supporting the contention of the defendant was strong, it was said: "But its sufficiency is a matter for the jury and not for the court."

The rule for a new trial is discharged and the motion for judgment n. o. v. refused.