George W. WELLMAN, an individual, and The Atchison, Topeka and Santa Fe Railway Company, a corporation, Plaintiffs in Error,

v.

Charles F. NOVAK, individually and as Administrator of the Estate of Frances R. Novak, Deceased, Defendant in Error.

No. 39581.

Supreme Court of Oklahoma.

Jan. 21, 1964.

Rehearing Denied March 17, 1964.

Application for Leave to File Second Petition for Rehearing Denied May 19, 1964.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error, George W. Wellman.

Rainey, Flynn & Welch, Oklahoma City, Charles E. Daniel, Drumright, for plaintiff in error, Atchison, Topeka & Santa Fe Ry. Co.

Thomas A. Wallace, Otis D. James, Jack B. Sellers, by Jack B. Sellers, Sapulpa, for defendant in error.

JOHNSON, Justice.

The defendant in error, hereafter referred to as plaintiff, brought this action as the administrator of the estate of Frances R. Novak to recover for her alleged wrongful death against the defendants George W. Wellman and The Atchison, Topeka and Santa Fe Railway Company. The defendant George W. Wellman will be referred to hereafter as Wellman, and his co-defendant as railway company.

The amended petition, filed in the Superior Court of Creek County, Oklahoma, alleged that the defendant Wellman, for himself and as agent for his co-defendant railway company, was operating a 1959 Ford truck owned by the railway company when he negligently collided with a vehicle operated by the plaintiff's decedent; that the negligence of the defendants consisted of operating the said truck at an excessive speed and in excess of the statutory limit; in failing to stop at stop sign; in failing to apply the brakes and keep a proper lookout; in failing to keep vehicle under control and to yield the right of way; failure to drive to right of center line and driving in reckless manner.

Judgment was sought for the death of deceased for her pain and suffering, and for hospital and funeral expenses; damage to her automobile and the destruction of personal property.

The collision occurred in Woodward County, Oklahoma. The suit was filed in Creek County, Oklahoma. The defendant railway company was served in Oklahoma County, Oklahoma, and the defendant Wellman was served in Woodward County, Oklahoma.

To this petition, the defendant Wellman filed a plea to the jurisdiction of the court, which was overruled and exception allowed.

The answer of the railway company consisted of a general denial and a specific denial of the agency of Wellman and alleged that said truck was at the time of the collision being used contrary to direct orders and that defendant Wellman was using same outside of the scope of his employment.

The answer of Wellman was a general denial, contributory negligence, sudden emergency and unavoidable casualty.

An amendment to the petition alleged faulty brakes in the said truck of the railway company.

By further answer the defendant railway company filed a general denial alleging that the truck was being driven by the defendant Wellman on his own personal

business and in contravention of specific orders.

Upon the issues thus joined, trial was had to a jury which rendered a verdict in favor of the plaintiff against both defendants. After the disposition of the motions for new trial, this appeal by both defendants followed.

The defendant railway company submits but one proposition for reversal:

"The trial court erred in overruling this defendant's demurrer to the evidence, motion for directed verdict and motion for judgment notwithstanding the verdict for the reason that the undisputed evidence proved that the co-defendant who was driving the truck was not at the time of the accident acting as the agent, servant or employee of this defendant."

The defendant Wellman offers two contentions which shall be hereafter considered.

The argument of the defendant railway company necessitates a consideration of the evidence insofar as pertinent. The following facts are undisputed:

1. The truck belonging to the railway company was a 1959 model.

2. The defendant Wellman, who was an employee of the defendant railway company, had possession and control of this truck.

3. On Friday, June 19, 1959, the day before the collision, Wellman and one Samples left Woodward on a fishing trip in a Plymouth car of Samples. They went to Lake Supply, about twelve miles from Woodward, and were fishing. About 8:00 p. m. a young man notified them that his car was embedded in sand almost three miles distant and solicited their aid. On their way in Samples' car to help, the car became stuck in the sand. They walked back to the fishing site and found another man to take them to Woodward. About midnight they went to the Santa Fe depot, took the railway company truck, returned to the marooned cars, freed them and drove back to the fishing site about 2:00 a. m. About 7:00 a. m. the next morning Wellman started back to Woodward in the said Ford truck when the collision occurred.

The truck was taken by Wellman without express or implied authority of the defendant railway company and without its knowledge or consent and was not being used on the railway company's business.

The above facts are undisputed and are the only ones necessary to consider in connection with the liability of the railway company.

The whole theory of the plaintiff is that there were defective brakes upon the truck, and by reason of this the owner is liable. It was conceded in the trial court that the question of agency was out, inasmuch as the defendant Wellman was not on company business at the time of the collision. Therefore, the plaintiff's case is based solely on the ground that the defendant railway company had permitted its truck brakes to be in such a condition that they were inoperative, and therefore the railway company was liable.

█ The evidence shows that these brakes were working properly a very short time before the accident. However, it is not necessary to determine this question of fact. Assuming for the purposes of argument that the brakes were defective from the very beginning, what is the liability of the company? This is not a case of bailor and bailee, or a case where the car is being legitimately used by the driver. This was a case where unknown to the company, and against its specific orders, its truck was being used by an employee for his personal use.

█ The rule contended for by the plaintiff is only applicable in the case of a bailment, and where possession of the property is taken without the knowledge or consent of the owner no bailment within the rule is created. The headnote of § 430 in 60

C.J.S. Motor Vehicles at page 1055 correctly states the rule applicable here:

"An owner of a motor vehicle who knows, or by the exercise of reasonable care could have known, of its defective and unsafe condition, but permits another to operate it, without warning him of the defect, is liable for injuries resulting from the defective condition; but he is not liable if the vehicle was operated without his knowledge or consent."

In the case of Gordon v. Texas & Pacific Mercantile & Mfg. Co., Tex.Civ.App., 190 S.W. 748, the third paragraph of the syllabus reads:

"In an action for injuries caused by an automobile driven by defendant's servant, where it appeared that the automobile was in the general control of the servant for commercial use during the daytime, and that the accident happened at night, while the servant, after his employment had finished, was taking persons having no control over him to a fire, the court properly refused a requested instruction that, if the machine was defective and dangerous to use upon the road at night, and that the defects and danger were within the knowledge, actual or constructive, of the defendant, and the driver was one of its employes, defendant would be liable for the consequences, even though the driver was not using the car in the business of his master or with his knowledge."

See also Clem Lumber Co. v. Fisher, Tex.Civ.App., 84 S.W.2d 282.

In the case of Felski v. Zeidman, 281 Pa. 419, 126 A. 794, the seventh paragraph of the syllabus reads:

"Defendant's truck, which collided with plaintiff's automobile, having been taken and used without defendant's consent, and not in his business, it is immaterial that it had a defective brake."

See also Beatty v. Firestone T. & R. Co., 263 Pa. 271, 106 A. 303.

An even stronger case is presented in Hensley v. Golden, 302 Ky. 856, 196 S.W. 2d 739. In that case the owner of a truck with brakes known to be defective permitted his employee to drive the truck on business of the owner, but the driver departed from the instructions given and drove the truck on business of his own when the accident occurred. Kentucky also had a statute as follows:

"No one shall knowingly operate or permit to be operated on a highway a motor vehicle upon which the brakes are defective."

In the body of the opinion the court says:

"It seems to us that a determination of the question under consideration must turn on the use of the word 'knowingly' in the applicable statute. All the evidence shows that Hensley did not know, or have any reason to know, that his truck would be operated on the highway beyond the place where his driver should have turned off to get to his farm. Can it be said that Hensley knowingly permitted his truck, with its defective brakes, to be operated on the highway at the place where the accident occurred? We think not. It seems to us that such knowledge must necessarily be proved in order to place liability on the employer. It would hardly be contended that the owner of a vehicle with defective brakes would be held liable for injuries resulting from an accident which occurred because of the defective brakes and while the vehicle was being driven by a person who had stolen it from the owner's garage. Essentially there is little, if any, legal distinction between the assumed case and the one under consideration, and we think the circumstances compel us to absolve the owner of the truck from all liability under the well settled rule that the master may not be held liable for the negli-

gent acts of his servant where the servant was not acting within the scope of his employment at the time of the accident. * * *"

In this case the employee was operating with the permission of owner and with the knowledge of owner that the brakes were defective, neither of which conditions existed in the case at bar.

We are of the opinion and hold that the vehicle being operated with neither the knowledge or consent of the owner and not upon owner's business that the owner could not be legally liable for the result of the accident.

█ We come now to the appeal of Wellman. All through this record objection was made and exception preserved concerning the jurisdiction of the court over the person of Wellman. The jurisdiction of the court over the person of Wellman being dependent upon a valid cause of action against the defendant railway company, it is evident that when the cause of action against the railway failed, the court lost jurisdiction over Wellman. See Sinor v. Hart, Okl., 383 P.2d 669, and Oklahoma Turnpike Authority v. Walden, Okl., 371 P.2d 920. In this latter case we said:

"In order to give a court jurisdiction over a defendant who is a non-resident of the county where suit is brought, and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendant on whom valid service is had, as well as against the nonresident defendant."

The Creek County Superior Court is therefore without jurisdiction. The judgment of the trial court is reversed with directions to dismiss the action.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.