**Theodore Roosevelt NORVILLE,
Plaintiff in Error,**

**v.**

**Homer David CRIBBS, Orland Hoyt Benedict
and Groendyke Transport Company,
Defendants in Error.**

**No. 41286.**

Supreme Court of Oklahoma.

Nov. 1, 1966.

Rehearing Denied Jan. 6, 1967.

Lampkin, Wolfe & Blankenship, Oklahoma City, for plaintiff in error.

Rinehart & Morrison, Oklahoma City, for defendant in error Orland Hoyt Benedict.

John R. Couch, of Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error Homer David Cribbs.

John D. Cheek and Ray Tompkins, of Cheek, Cheek & Cheek, Oklahoma City, for defendant in error Groendyke Transport Co.

HALLEY, Chief Justice:

This action for personal injuries was brought by Theodore Roosevelt Norville, hereafter referred to as plaintiff, against the defendants Homer David Cribbs, Orland Hoyt Benedict and Groendyke Transport Company. At the completion of plaintiff's evidence, the trial court sustained a demurrer of the defendant Groendyke to the evidence of plaintiff, and thereafter sustained defendants Benedict and Cribbs' objection to the venue. Plaintiff has appealed. The parties will be referred to as they appeared below.

In order to properly consider the issues raised here, a résumé of the evidence presented by the plaintiff is necessary.

The record discloses that on February 2, 1961, at approximately 6:45 P.M., plaintiff was a passenger in an automobile being operated by a Mr. Driggers in an easterly direction on Highway No. 9, a two lane road, leading into Hobart, Oklahoma. This automobile was sideswiped by one being driven in a westerly direction by the defendant Cribbs. Within a short time of this accident, and while at least one of the automobiles above mentioned was standing on the traveled portion of the highway, with its lights on, a tractor-trailer, operated by the defendant Groendyke, approached the scene. Because of an oncoming car, and the vehicle standing on the highway, the driver of defendant Groendyke drove his vehicle off to the right of the roadway, over the shoulder of the road, and at least partially in the borrow ditch, where his vehicle became mired in the soft ground. It is apparent from the evidence that this tractor-trailer did not run into or come into contact in any manner with either of the automobiles involved in the sideswiping incident. Shortly after this transpired, the Cribbs and Drigger automobiles were moved to a point off the traveled portion of the highway. The Driggers vehicle was facing east and was on the south side of the road, while the Cribbs vehicle was facing west and was on the north side of the road. Plaintiff, while standing in the traveled

portion of the highway, was struck and injured by an automobile driven by the defendant Benedict, which approached the scene from the west.

During the time aforesaid, defendant Groendyke's driver was attempting to dig his vehicle out of the soft ground in the borrow ditch. His vehicle was carrying a load of propane, and was equipped with reflectors, but these were not displayed on the ground at the time plaintiff was injured.

The record further shows that at the time plaintiff was injured, the lights of the Cribbs vehicle were on, and were shining down the road in the direction from which defendant Benedict's automobile approached the scene.

The evidence was conflicting as to whether both the running lights and the head lights of defendant Groendyke's vehicle were on at the time plaintiff was injured.

Likewise, there was a conflict in the testimony of plaintiff's witnesses as to the distance the tractor-trailer of defendant Groendyke was from the Cribbs and Driggers automobiles. One of plaintiff's witnesses testified that the distance was thirty-five, fifty or sixty feet, while the driver of the tractor-trailer placed it some 150 feet from the two automobiles.

Plaintiff's witnesses, testifying as to the distance the tractor-trailer was from the highway, could not agree. The Highway Patrolman indicated that the tractor-trailer was some ten feet off the shoulder of the road, while Mr. Driggers placed the tractor-trailer some seven or eight feet from the hard surface area of the road.

Plaintiff contends that the trial court erred in sustaining the demurrer of defendant Groendyke. He argues that the evidence produced by him, as outlined above, established a cause of action against the defendant Groendyke sufficient to withstand a demurrer. He bases his argument primarily on the proposition that defendant Groendyke's driver was guilty of negligence in failing to put out the flares or reflectors to warn approaching traffic of the presence of his vehicle as required by the provisions of 47 O.S.Supp.1959, § 148(a–7), which was in force and effect at the time of plaintiff's accident.

This statute, among other things, required the placement of flares, or in the case of a vehicle carrying inflammables, reflectors, at designated places on the highway, whenever a truck was disabled upon the traveled portion of any highway or shoulder thereof, outside of a municipality at any time lighted lamps are required on vehicles.

Plaintiff further maintains that he is one of the class of persons that the above statute was enacted to protect. He also argues that defendant Groendyke is liable to him as a joint tort-feasor. He relies upon the rule that persons whose wrongful acts concur or combine to cause a single injury are joint tort-feasors, even though they do not act in concert, and that such a joint tort-feasor is liable for the whole injury to plaintiff.

In support of the court's ruling on the demurrer defendant Groendyke, for its part, just as earnestly contends that plaintiff's evidence failed to show that the statute above referred to had any application to its vehicle, in that plaintiff's evidence did not show that its vehicle was disabled, or that it was stopped either on the main portion of the highway or the shoulder. That the best that can be said for plaintiff's evidence with respect to the location of the tractor-trailer is that it showed that the tractor-trailer was at least 20 feet from the main traveled portion of the highway, some 10 feet off the shoulder and some 150 feet from the place where plaintiff was injured.

Defendant, Groendyke, also argues that the necessity for the placement of reflectors by its driver was completely obviated, not only by the location of its vehicle with respect to the scene of the accident, but also because of the lights on the Cribbs automobile, and the fact that the lights on the tractor-trailer were on. It also makes the same contention with respect to any com-

mon law duty that its driver might have had.

Defendant, Groendyke, also advances the arguement that unless the evidence produced by the plaintiff discloses a causal connection between the act and the injury, that the existence or non-existence of proximate cause, is a question of law for the court, and further that its tractor-trailer and its location near the scene of the accident presented a mere condition and was not the proximate cause of the accident.

■ Based on the evidence outlined above, and the argument of counsel relative thereto, the trial court sustained the demurrer of defendant Groendyke, holding in effect, that the failure of the driver of the tractor-trailer to put out reflectors, as required by the statute, was merely a condition, and not the proximate cause of the injuries sustained by the plaintiff.

A careful review of the evidence and of the authorities presented by the parties hereto satisfies us that the trial court correctly disposed of the matter.

We have reviewed the evidence in conformity to the rules set out in the case of Lawson v. Lee Eller Ford, Inc., Okl., 375 P.2d 913, wherein we stated:

"In considering the trial court's action sustaining the demurrer of the defendant to the evidence and the overruling of the motion for a new trial, we consider the facts, circumstances and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff's theory of the case. Hembree v. Southard, supra. In reviewing such evidence on demurrer, the court must treat the plaintiff's evidence as true."

Applying those rules to the evidence adduced by the plaintiff, it is apparent that defendant Groendyke's vehicle was well removed, in point of distance, from the point where plaintiff was injured by the automobile of defendant Benedict. It was not stopped on the traveled portion of the road. There is no definite evidence that it was stopped on the berm of the road. There

is evidence that it was in the borrow ditch. There is evidence that its running lights, at least, were on, and there is also evidence that the headlights of the Cribbs automobile were on and shining down the road when plaintiff was injured. The accident occurred up the road from where the tractor-trailer was stopped. The Cribbs automobile and the Driggers automobile were stopped between the tractor-trailer and the point where the plaintiff was struck.

■ In the case of Jafek v. Public Service Co. of Oklahoma, 183 Okl. 32, 79 P.2d 813, we stated:

"If the negligence complained of merely furnished a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not a proximate cause of the injury."

Likewise, in the case of Myers v. Luttrell, Okl. 373 P.2d 22, we used the following language:

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.

\* \* \* \* \* \*

"Where the circumstances are not sufficient to remove the case from the realm of conjecture and place it within the field of legitimate inferences from established facts a prima facie case for submission to the jury is not made out."

We find it unnecessary to determine the applicability of the statute with respect to the placement of flares or reflectors for the reason plaintiff failed to establish a causal connection between his injury and the failure of the tractor-trailer to put out flares or reflectors.

■ Ordinarily the question of proximate cause is one for the jury in cases

**440**

where reasonable persons might reach different conclusions. But if all the evidence favorable to the plaintiff, together with all inferences and conclusions to be reasonably drawn therefrom is insufficient to point out a causal connection between the alleged act of negligence of the defendant and plaintiff's injury, the question is one of law to be determined by the court. See Cheatham v. Van Dalsem, Okl., 350 P.2d 593, and Jines v. City of Norman, Okl., 351 P.2d 1048.

█ We find the above situation present here and the determination of the question of proximate cause was for the court to decide. The action of the trial court in sustaining defendant Groendyke's demurrer to the evidence is affirmed, and having done this we must necessarily approve the action of the trial court in sustaining the objection of the defendants Benedict and Cribbs to the venue of the court. This action was filed in the District Court of Oklahoma County. Defendant Benedict was a resident of Jackson County, Oklahoma and was served with summons there. Defendant Cribbs was a resident of Kiowa County and was served with summons there. Defendant Groendyke was a Texas corporation and service was had upon it by serving the Secretary of State. When the defendant Groendyke is removed from the case by the sustaining of its demurrer, the rule laid down in the case of Wellman v. Novak, Okl., 392 P.2d 377, applies. This rule is as follows:

"In order to give a court jurisdiction over a defendant who is a non-resident of the county where suit is brought, and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendant on whom valid service is had, as well as against the non-resident defendant."

Therefore, the action of the trial court is in all respects affirmed.